[Cite as *State v. Sferra*, **2024-Ohio-1212**.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## LAKE COUNTY

STATE OF OHIO,
CITY OF PAINESVILLE,

Plaintiff-Appellee,

- vs -

MATTHEW L. SFERRA,

Defendant-Appellant.

|  |
|---|

**CASE NOS. 2024-L-010**
**2024-L-011**
**2024-L-012**
**2024-L-013**
**2024-L-014**
**2024-L-015**

Criminal Appeals from the
Painesville Municipal Court

Trial Court Nos. 2021 TRD 00249 A-C
2021 TRD 00250 A-C

# M E M O R A N D U M
# O P I N I O N

Decided: March 29, 2024
Judgment: Appeals dismissed

*Ron M. Graham,* Painesville City Prosecutor, 521 Malvern Drive, Painesville, OH 44077 (For Plaintiff-Appellee).

*Gabrielle M. Ploplis*, 2800 Euclid Avenue, Suite 620, Cleveland, OH 44115 (For Defendant-Appellant).

EUGENE A. LUCCI, P.J.

{¶1} This matter is before this court for consideration of appellant's February 20, 2024 motions for delayed appeal pursuant to App.R. 5(A). Appellant filed his notices of appeal in the trial court on February 19, 2024.

{¶2} Appellant appeals his April 20, 2021 convictions and sentences from the underlying cases.

{¶3} Timely notices of appeal from the entries were due no later than May 20, 2021, which was not a weekend or a holiday. Thus, the appeals are untimely by approximately two years and nine months.

{¶4} No brief or memorandum in opposition to appellant's motion has been filed.

{¶5} App.R. 4(A)(1) states, in part:

{¶6} "* * * [A] party who wishes to appeal from an order that is final upon its entry shall file the notice of appeal required by App.R. 3 within thirty days of that entry."

{¶7} App.R. 5(A) provides:

{¶8} "(1) After the expiration of the thirty day period provided by App.R. 4(A) for the filing of a notice of appeal as of right, an appeal may be taken by a defendant with leave of the court to which the appeal is taken in the following classes of cases:

{¶9} "(a) Criminal proceedings;

{¶10} "(b) Delinquency proceedings; and

{¶11} "(c) Serious youthful offender proceedings.

{¶12} "(2) A motion for leave to appeal shall be filed with the court of appeals and shall set forth the reasons for the failure of the appellant to perfect an appeal as of right. Concurrently with the filing of the motion, the movant shall file with the clerk of the trial court a notice of appeal in the form prescribed by App.R. 3 and shall file a copy of the notice of the appeal in the court of appeals."

{¶13} In his motions, appellant sets forth the events that occurred from his conviction and sentence until the filing of his current appeals, including his previous appeals from the trial court's denial of his post-judgment motion to withdraw his guilty plea that were dismissed by this court for failure to prosecute on August 22, 2022. Additionally,

2

appellant discusses issues in the trial court during his bench trial and ineffective assistance of trial counsel.

{¶14} One of the main requirements in App.R. 5(A) is that an appellant set forth in his motion the reasons for filing an untimely appeal. Here, appellant's motions set forth a timeline since his convictions but fail to actually state the reasons for the delay and what prevented him from filing timely appeals.

{¶15} Accordingly, appellant's motions are overruled.

{¶16} Appeals dismissed.


MATT LYNCH, J.,

ROBERT J. PATTON, J.,

concur.